UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB<br>85 Second St., Second Floor<br>San Francisco, CA 94105-3441<br><br>    Plaintiff,<br><br>vs.<br><br>STEPHEN L. JOHNSON<br>Administrator<br>United States Environmental Protection Agency<br>Ariel Ross Building<br>1200 Pennsylvania Avenue, N.W.<br>Washington, DC 20460<br><br>    Defendant. | )<br>)<br>)<br>)<br>)  Civ. No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

I. INTRODUCTION

1. Plaintiff SIERRA CLUB challenges the failure of Defendant STEPHEN L. JOHNSON, in his official capacity as Administrator of the United States Environmental Protection Agency ("EPA") to perform mandatory duties required by the Clean Air Act, 42 U.S.C. §§ 7401-7671q. Specifically, the Clean Air Act establishes a mandatory 60-day deadline for Defendant to respond to a citizen petition for an objection to a Clean Air Act Title V permit. Defendant has failed to meet this deadline with respect to two citizen petitions filed by Plaintiff regarding Title V permits covering a number of coal-fired power plants in the state of Georgia. To protect the

1

interests of its members and others who breathe harmful air pollution emitted by the power plants and who appreciate ecosystems damaged by that harmful air pollution, Plaintiff brings this action to ensure that the power plants will not emit pollution in excess of what the Clean Air Act allows.

## II. JURISDICTION, VENUE, AND NOTICE

2.This is a Clean Air Act citizen suit.  Thus, the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 42 U.S.C. § 7604(a)(2) (citizen suits for failure to perform a non-discretionary duty required by the Clean Air Act).

3.This Court has authority to award the relief sought pursuant to 42 U.S.C. § 7604(a), 28 U.S.C. §§ 2201 (declaratory relief) and 2202 (injunctive relief), and 5 U.S.C. §§ 705, 706.

4.The acts and omissions allegedly giving rise to the claims in this case occurred in the District of Columbia.  Furthermore, Defendant Stephen L. Johnson officially resides in the District of Columbia.  Thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1) and (2).

5.As required by the Clean Air Act, 42 U.S.C. § 7604(b)(2), on August 17, 2005, Plaintiff mailed to Defendant written notice of intent to sue regarding the violations alleged in this Complaint.  More than sixty days have passed since Plaintiff mailed its notice of intent to sue letter.  Defendant has not acted to remedy the violations alleged in this Complaint.  Therefore, a present and actual controversy exists between the parties.

## III. PARTIES

6.     Plaintiff SIERRA CLUB is one of the nation's oldest and largest environmental organizations.  For over 112 years, the Sierra Club has been dedicated to protecting our national natural heritage and natural resources, including clean air and water.  The Sierra Club advocated for passage of the Clean Air Act and its 1990 Amendments which created the Title V permitting program, and continues to seek full enforcement of the Clean Air Act's provisions to ensure clean air for all.

7.     Sierra Club, on behalf of its members, works to protect and enhance the quality of air throughout the country, including the areas impacted by the air pollution from the power plants which are covered by the Title V permits at issue.  Sierra Club members live, work, farm, recreate, grow food, own land and structures, and obtain spiritual and aesthetic pleasure from locations that are adversely affected by the air pollution from these power plants.  These interests of the Sierra Club and its members are adversely affected by EPA's failure to timely respond to the two Sierra Club petitions at issue.

8.     In addition, Sierra Club members require timely information about EPA's interpretation of Clean Air Act requirements in order to conduct their work.  EPA's failure to reach a final decision as to the validity of Sierra Club's arguments regarding the legality of the permits at issue adversely affects Sierra Club's ability to engage in its air pollution work.

9.     For the foregoing reasons, the failures of Defendant challenged in this case have caused, are causing, and unless this Court grants the requested relief, will continue to cause Plaintiff's members and staff injuries for which it has no adequate remedy at law.

10.    Defendant STEPHEN L. JOHNSON is the Administrator of the United States Environmental Protection Agency ("EPA").  In that role Administrator Johnson has been

3

charged by Congress with the duty to respond to citizen petitions for objection to Title V permits.

## IV. CLEAN AIR ACT REQUIREMENTS

11.     The Clean Air Act ("CAA") aims "to protect and enhance the quality of the Nation's air resources." 42 U.S.C. § 7401(b)(1). To help meet this goal, the 1990 amendments to the CAA created an operating permit program that applies to all major sources of emissions – the Title V permit program. See 42 U.S.C. §§ 7661-7661f.

12.     A primary purpose of the Title V permitting program is to reduce violations of air pollution laws and improve enforcement of those laws by recording in one document all of the air pollution control requirements that apply to a source of emissions. See EPA, Air Permits: Basic Facts, at http://www.epa.gov/oar/oaqps/permits/index.html. Major sources of air pollution cannot discharge pollutants into the air unless they have a valid Title V operating permit. 42 U.S.C. § 7661a(a).

13.     The CAA provides that the Administrator of EPA may approve states' programs to administer the Title V permit program with respect to sources within their borders. 42 U.S.C. § 7661a(d). The State of Georgia has been approved by the Administrator to administer the Title V permit program with respect to facilities in Georgia. 65 Fed. Reg. 36,398 (June 8, 2000). The Georgia Environmental Protection Division (Georgia EPD) of the Georgia Department of Natural Resources is the agency responsible for issuing Title V operating permits in Georgia. O.C.G.A. §§12-9-3(12), 12-9-4, 12-9-6(b)(3).

14. Before a Title V permit can be issued by a state with an approved Title V permit program, the State must forward the proposed Title V permit to EPA. 42 U.S.C. § 7661d(a)(1)(B). EPA then has 45 days to review the proposed permit and must object to the issuance of the permit if it finds that the permit does not comply with all applicable provisions of the CAA. 42 U.S.C. § 7661d(b)(1).

15. If EPA does not object to the proposed Title V permit during the agency's 45-day review period, "any person may petition the Administrator within 60 days after the expiration of the 45-day review period" to object to the proposed permit. 42 U.S.C. § 7661d(b)(2).

16. Once it receives a petition for objection to a proposed Title V permit, EPA must grant or deny that petition within 60 days. Id.

17. The same procedural requirements that apply to the initial proposal of a Title V permit for a facility also apply to subsequent amendments of that permit. 40 C.F.R. §§ 70.2, 70.8.

V.  THE PLANT BOWEN PETITION

18. Georgia Power's Bowen Steam-Electric Generating Plant (Plant Bowen) is the third largest electric utility source of toxic substances in North America. Commission for Environmental Cooperation of North America, Taking Stock: North American Pollutant Releases and Transfers at xxiv tbl.3 (June 2004). It is also one of the major sources of sulfur dioxide in a region that is plagued by ambient concentrations of pollutants formed from sulfur dioxide. In addition, Plant Bowen is Georgia's second largest source of Nitrogen Oxides (NOx). This NOx plays a major role in the chronic failure of the Metro-Atlanta area to meet the Clean Air Act's health-based standards for ground level ozone.

19.     Georgia EPD issued a draft Title V operating permit amendment for Plant Bowen (Permit 4911-015-0011-V-01-2) and granted the public a period to comment on this draft permit. The public comment period ended on January 28, 2002.

20.     Plaintiff submitted written comments to Georgia EPD on December 10, 2002 and then submitted additional oral comments on January 28, 2002.

21.     Georgia EPD subsequently proposed the Plant Bowen Title V permit amendment to EPA, but did not fully address the concerns raised by Plaintiff in its comments on the draft permit amendment.

22.     EPA did not object on its own initiative to the Plant Bowen Title V permit amendment during its 45-day review period. This 45-day period expired on May 10, 2002.

23.     Pursuant to 42 U.S.C. § 7661d(b)(2), Plaintiff thus had until July 9, 2002 to petition EPA for an objection to the permit. Plaintiff petitioned EPA to object to the permit amendment on July 9, 2002 and provided copies of its petition to Georgia EPD and Georgia Power Company, the owner and Title V permit holder of Plant Bowen.

24.     The petition raised three issues with respect to the legality of emissions offsets contained in the Plant Bowen Title V permit amendment. "Offsets" are pollution reductions obtained from one source of emissions to compensate for increases in pollution from another source. Each of Plaintiff's three arguments was raised with reasonable specificity in Plaintiff's comments to Georgia EPD during the initial public comment period.

25.     EPA had until no later than September 7, 2002 to grant or deny the Plant Bowen petition. 42 U.S.C. § 7661d(b)(2). However, EPA neither granted nor denied the petition within the statutory period and still has not granted or denied the petition.

## VI.  THE SEVEN COAL FIRED POWER PLANTS PETITION

26.     In order to combat the presence of unsafe levels of ozone in the Atlanta area, Georgia EPD created, and EPA approved a Metro Atlanta ozone nonattainment State Implementation Plan (SIP).  The Metro Atlanta SIP contains a requirement that before a new facility begins to emit nitrogen oxides (NOx) in or into the nonattainment area, it must obtain NOx emissions offsets from an existing source in an amount 1.1 times greater than will be emitted from the new facility.  Georgia Rules for Air Quality Control (Rule) 391-3-1-.03(c)15.  Georgia EPD attempted to create NOx offsets by amending the Title V permits for seven coal-fired power plants.

27.     Georgia EPD issued draft Title V operating permit amendments for the Bowen (Permit Number 4911-015-0011-V-01-3), McDonough/Atkinson (Permit Number 4911-067-0003-V-01-3), Yates (Permit Number 4911-077-0001-V-01-3), Hammond (Permit Number 4911-115-003-V-01-3), Wansley (Permit Number 4911-149-0001-V-01-6), Scherer (Permit Number 4911-207-0008-V-01-3) and Branch (Permit Number 4911-237-0008-V-01-3) Steam-Electric Generating Plants (hereinafter collectively the "seven coal-fired power plants").  Georgia EPD granted the public a thirty-day period to comment on the draft permit amendments.

28.     Plaintiff submitted written comments on the seven coal-fired power plant Title V permit amendments to Georgia EPD during the public comment period.

29.     Georgia EPD subsequently proposed the seven coal-fired power plant Title V permit amendments to EPA, but did not fully address the concerns raised by Plaintiff in its comments on the draft permit amendments.

30.     EPA did not object on its own initiative to the seven coal-fired power plant Title V permit

amendments during its 45-day review period.

31. Pursuant to 42 U.S.C. § 7661d(b)(2), Plaintiff had until November 18, 2002 to renew its objections to the seven coal-fired power plant permit amendments by petitioning EPA for an objection to the permit. Plaintiff petitioned EPA to object to the permit amendment on November 18, 2002 and provided copies of its petition to Georgia EPD and Georgia Power Company, the owner and Title V permit holder of each of the seven coal-fired power plants.

32. The petition raised a single issue with respect to the legality of the emissions offset provisions contained in the Title V permit amendments for the seven coal-fired power plants. This argument was raised with reasonable specificity in Plaintiff's comments to Georgia EPD during the initial public comment period.

33. EPA had until no later than January 18, 2003 to grant or deny the seven coal-fired power plants petition. 42 U.S.C. § 7661d(b)(2). However, EPA neither granted nor denied the petition within the statutory period and still has not granted or denied the petition.

VII. CLAIMS FOR RELIEF

A. CLAIMS AS TO THE PLANT BOWEN PETITION

FIRST CLAIM FOR RELIEF

(CAA 42 U.S.C. 7661d(b)(2))

34. Each allegation set forth in the complaint is incorporated herein by reference.

35. The deadline under 42 U.S.C § 7661d(b)(2) for Defendant to respond to Plaintiff's petition for an objection to the Plant Bowen Title V permit amendment expired several years

ago. Nonetheless, Defendant has failed to grant or deny the petition within 60 days.

36. Defendant's failure to grant or deny the petition constitutes a failure to perform an act or duty that is not discretionary with Defendant within the meaning of Clean Air Act § 304(a)(2). 42 U.S.C. § 7604(a)(2).

### (ALTERNATIVE) SECOND CLAIM FOR RELIEF
### (Administrative Procedure Act Section 706(1))

37. Each allegation set forth in the complaint is incorporated herein by reference.

38. The deadline under 42 U.S.C. § 7661d(b)(2) for Defendant to respond to Plaintiff's petition for an objection to the Plant Bowen Title V permit amendment expired several years ago. Nonetheless, Defendant has failed to grant or deny the petition.

39. Defendant's failure to grant or deny the petition constitutes agency action unlawfully withheld or unreasonably delayed within the meaning of the Administrative Procedure Act. 5 U.S.C. § 706(1).

### B. CLAIMS AS TO THE SEVEN COAL-FIRED POWER PLANTS PETITION

### THIRD CLAIM FOR RELIEF
### (CAA 42 U.S.C. 7661d(b)(2))

40. Each allegation set forth in the complaint is incorporated herein by reference.

41. The deadline under 42 U.S.C § 7661d(b)(2) for Defendant to respond to Plaintiff's petition for an objection to the Title V permit amendments for the seven coal-fired power plants

expired several years ago. Nonetheless, Defendant has failed to grant or deny the petition.

42.   Defendant's failure to grant or deny the petition constitutes a failure to perform an act or duty that is not discretionary with Defendant within the meaning of Clean Air Act § 304(a)(2). 42 U.S.C. § 7604(a)(2).

### (ALTERNATIVE) FOURTH CLAIM FOR RELIEF
### (Administrative Procedure Act Section 706(1))

43.   Each allegation set forth in the complaint is incorporated herein by reference.

44.   The deadline under 42 U.S.C. § 7661d(b)(2) for Defendant to respond to Plaintiff's petition for an objection to the Title V permit amendments for the seven coal-fired power plants expired several years ago.  Nonetheless, Defendant has failed to grant or deny the petition.

45.   Defendant's failure to grant or deny the petition constitutes agency action unlawfully withheld or unreasonably delayed within the meaning of the Administrative Procedure Act.  5 U.S.C. § 706(1).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment providing the following relief:

A.   Declare that Defendant's failure to grant or deny Plaintiff's petition for an objection to the Plant Bowen Title V permit amendment constitutes a failure to perform an act or duty that is not discretionary with Defendant within the meaning of Clean Air Act § 304(a)(2), 42 U.S.C. §

7604(a)(2), or in the alternative that it constitutes agency action unlawfully withheld or unreasonably delayed within the meaning of the Administrative Procedure Act, 5 U.S.C. § 706(1).

B.  Order Defendant to grant or deny Plaintiff's petition for an objection to the Plant Bowen Title V permit amendment in accordance with expeditious deadlines prescribed by the Court.

C.  Declare that Defendant's failure to grant or deny Plaintiff's petition for an objection to the seven coal-fired power plant Title V permit amendments constitutes a failure to perform an act or duty that is not discretionary with Defendant within the meaning of Clean Air Act § 304(a)(2), 42 U.S.C. § 7604(a)(2), or in the alternative that it constitutes agency action unlawfully withheld or unreasonably delayed within the meaning of the Administrative Procedure Act, 5 U.S.C. § 706(1).

D.  Order Defendant to grant or deny Plaintiff's petition for an objection to the seven coal-fired power plant Title V permit amendments in accordance with expeditious deadlines prescribed by the Court.

E.  Retain jurisdiction of this action to ensure compliance with the Court's Order.

F.  Award plaintiffs the costs of litigation in this action, including attorney's fees. See 42 U.S.C. § 7604(d).

G.  Grant such other relief as the Court deems just and proper.

Respectfully submitted,

___/s_____
Robert Ukeiley (MD14062)
Law Office of Robert Ukeiley
433 Chestnut Street
Berea, KY 40403

11

                                             Tel: (859) 986-5402
                                             Fax: (859) 986-1299
                                             E-mail: rukeiley@igc.org

                                             Counsel for Plaintiff

Dated: November 4, 2005