UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SIERRA COLUMBIA )<br>)<br>SIERRA CLUB )<br>)<br>　　　　Plaintiff, )<br>)<br>vs. )<br>)<br>STEPHEN L. JOHNSON, Administrator, )<br>United States Environmental Protection Agency )<br>)<br>　　　　Defendant. )<br>_____) | Civ. No. 1:05-cv-02177-RMC |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S FIRST AND THIRD CLAIMS FOR RELIEF AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

**I. INTRODUCTION**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, Plaintiff, Sierra Club respectfully requests summary judgment on Plaintiff's First and Third claims for relief.[1] As explained further below, these causes of action involve straightforward "missed deadline" claims against a federal official who has ignored statutory deadlines. Specifically, Plaintiff has filed two citizen petitions with the United States Environmental Protection Agency ("EPA"). These petitions seek to have Defendant issue objections to several Clean Air Act ("CAA") Title V operating permit amendments based on deficiencies in those permit amendments. Defendant has failed to respond to these two petitions within the mandatory timeframe, and Plaintiff now seeks to compel the response required by the CAA.

---

[1] If the Court grants summary judgment on Plaintiff's First and Third claims, the Court could dismiss Plaintiff's alternative Second and Fourth claims as moot, thus resolving all the claims in this case.

1

**II. JURISDICTION**

Plaintiff is entitled to judicial review because it challenges a failure of Defendant to perform a non-discretionary duty required by the CAA. See 42 U.S.C. § 7604(a). The Court has jurisdiction over this action because it is an action arising under the Clean Air Act and its citizen suit provision, 42 U.S.C. § 7604(a)(2), and raises a federal question, 28 U.S.C. § 1331.

Plaintiff has standing to assert these claims. Plaintiff Sierra Club has standing to bring this suit because the petitions that are the subject of this case were submitted by Sierra Club and not a third party. Thus, because the government failure to respond to these petitions is a direct injury to Sierra Club's interest in conducting its "business," that is environmental advocacy, in a timely manner, there can be little question about standing. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). In any event, Plaintiff hereby incorporates by reference the affidavits of Sierra Club members Douglas Barlow and Colleen Kiernan submitted in Sierra Club v. Horinko, 03-10266-FF (11th Cir.) to establish the injuries caused by the pollution from the seven coal fired power plants that are the subject of the two petitions which Defendant has failed to respond to. These affidavits are attached as Exhibit 1.

**III. THE CLEAN AIR ACT**

Title V of the Clean Air Act ("CAA"), 42 U.S.C. §§ 7661a-7661f, establishes an operating permit program for sources of emissions. The CAA prohibits major sources of air pollution from discharging pollutants into the air unless they have a valid Title V operating permit. 42 U.S.C. § 7661a(a). The Administrator of EPA may approve states' programs to administer the Title V permit program with respect to sources within their borders. 42 U.S.C. § 7661a(d). Thus, emissions sources in Georgia receive their Title V operating permits from

the Georgia Environmental Protection Division ("Georgia EPD") of the Georgia Department of Natural Resources.  See 65 Fed. Reg. 36,398 (June 8, 2000) (approving Georgia's administration of Title V permit program); O.C.G.A. §§12-9-3(12), 12-9-4, 12-9-6(b)(3) (granting authority to Georgia EPD).

Although approved states can issue Title V permits, the CAA requires EPA to ensure that every Title V permit complies with the CAA.  Thus, before a Title V permit can be issued by a state with an approved Title V permit program, the State must forward the proposed Title V permit to EPA.  42 U.S.C. § 7661d(a)(1)(B).  EPA then has 45 days to review the proposed permit and must object to the issuance of the permit if it finds that the permit does not comply with all applicable provisions of the CAA.  42 U.S.C. § 7661d(b)(1).  If EPA does not object to the proposed Title V permit during the agency's 45-day review period, "any person may petition the Administrator within 60 days after the expiration of the 45-day review period" to object to the proposed permit.  42 U.S.C. § 7661d(b)(2).  Once it receives a petition for objection to a proposed Title V permit, EPA must grant or deny that petition within 60 days.  Id.  The same procedural requirements that apply to the initial proposal of a Title V permit for a facility also apply to subsequent amendments of that permit.  40 C.F.R. §§ 70.2, 70.8.

**IV. ARGUMENT**

Plaintiff moves for summary judgment on its First and Third Claims for relief: that Defendant is in violation of his statutory mandate by failing to respond to Plaintiff's petition for objection to the draft Title V operating permit amendment for the Bowen Steam-Electric Generating Plant ("Plant Bowen") (Permit 4911-015-0011-V-01-2) and Plaintiff's petition for objection to the draft Title V operating permit amendments for the Bowen (Permit Number 4911-015-0011-V-01-3), McDonough/Atkinson (Permit Number 4911-067-0003-V-01-3), Yates

3

(Permit Number 4911-077-0001-V-01-3), Hammond (Permit Number 4911-115-003-V-01-3), Wansley (Permit Number 4911-149-0001-V-01-6), Scherer (Permit Number 4911-207-0008-V-01-3) and Branch (Permit Number 4911-237-0008-V-01-3) Steam-Electric Generating Plants (hereinafter collectively the "seven coal-fired power plants").

### A.  SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 provides for the entry of summary judgment if "there is no genuine issue of material fact and . . . the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  When the moving party has demonstrated that there is no material issue of fact for trial, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but … must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  Summary judgment is not treated as "a disfavored procedural shortcut" but as "an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action."  Celotex Corporation v. Catrett, 477 U.S. 317 (1986) (quoting Fed. R. Civ. P. 1).

### B.  STANDARD OF REVIEW

Because the CAA does not contain an internal standard of review, this Court's review is governed by the Administrative Procedures Act ("APA").  See West Virginia v. EPA, 362 F.3d 861, 867 (D.C. Cir. 2004) (applying APA standard of review in CAA case).  Under the APA, the reviewing court is directed to "compel agency action unlawfully withheld or unreasonably delayed" and "hold unlawful and set aside" agency action that is "arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law."  5 U.S.C. § 706.

Where, as here, Congress has "directly spoken" to the issues at hand, the court must give effect to that plain intent without affording any deference to a contrary agency interpretation.

Chevron v. Natural Resources Defense Council, 467 U.S. 837, 843 (1984). See also, Sullivan v. Stroop, 496 U.S. 478, 482 (1990) ("[i]f the statute is clear and unambiguous, that is the end of the matter, for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress").

### C. PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON ITS FIRST AND THIRD CLAIMS FOR RELIEF

When EPA receives a citizen petition for objection to a proposed Title V permit, the Clean Air Act requires the Administrator of EPA to respond within 60 days by either granting or denying that petition. 42 U.S.C. § 7661d(b)(2). Defendant has here failed to respond within 60 days of receipt of Plaintiff's petitions for objections to the draft Title V operating permit amendments for Plant Bowen and the seven coal-fired power plants. See Plaintiff's Statement of Material Facts Not in Genuine Dispute ¶¶ 6 & 12. Defendant is thus in violation of 42 U.S.C. § 7661d(b)(2) and Plaintiff is entitled to summary judgment on this violation.

### D. PLAINTIFF IS ENTITLED TO AN INJUNCTION ORDERING DEFENDANT TO RESPOND TO PLAINTIFF'S PETITIONS FOR OBJECTIONS TO THE DRAFT TITLE V PERMIT AMENDMENTS ISSUED TO PLANT BOWEN AND THE SEVEN COAL-FIRED POWER PLANTS WITHIN 30 DAYS OF THE COURT'S ORDER

Plaintiff asks the Court to order Defendant to respond to Plaintiff's petitions for objections to the draft Title V operating permit amendments for Plant Bowen and the seven coal-fired power plants by either granting or denying those petitions within 30 days of ruling on this motion. Defendant has already delayed roughly three years in responding to Plaintiff's petitions. Permitting Defendant to further delay responding will continue to undermine the statutory framework of the CAA, violate Congressional intent in establishing firm listing deadlines, and allow potentially illegal emissions to pollute Georgia's air and risk the very lives

of Georgia's citizens.  See e.g. Ohio Power Company v. U.S. Environmental Protection Agency, 729 F.2d 1096, 1098 (6th Cir. 1984)("Nevertheless, there is now no longer any doubt that high levels of pollution sustained for periods of days can kill."); 70 Fed. Reg. 65983, 65989 (Nov. 1, 2005)("The health effects associated with exposure to $PM_{2.5}$ are significant. Epidemiological studies have shown a significant correlation between elevated $PM_{2.5}$ levels and premature Mortality.").

**V.  CONCLUSION**

Therefore, for the reasons stated above, Plaintiff respectfully requests that the Court grant Plaintiff summary judgment on its First and Third Claims for Relief and issue a declaratory judgment that Defendant is in violation of 42 U.S.C. § 7661d(b)(2) by failing to respond to Plaintiff's petitions for objections to the draft Title V operating permit amendments for Plant Bowen and the seven coal-fired power plants within 60 days and an injunction requiring Defendant to grant or deny these petitions within 30 days of the signing of the Court's order granting summary judgment.

                Respectfully submitted,

                ___/s_____
                Robert Ukeiley (MD14062)
                Law Office of Robert Ukeiley
                433 Chestnut Street
                Berea, KY 40403
                Tel: (859) 986-5402
                Fax: (859) 986-1299
                E-mail: rukeiley@igc.org

                Counsel for Plaintiff

Dated: January 5, 2005