UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>STEPHEN L. JOHNSON, Administrator,<br>United States Environmental Protection Agency<br><br>　　　　　Defendant. | Civ. No. 1:05-cv-02177-RMC |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

　　　　Pursuant to Federal Rule of Civil Procedure 56 and LCvR 56.1 of the Rules of the United States District Court for the District of Columbia, Plaintiff submits the following statement of material facts about which there is no genuine issue or dispute.

1.　　The Environmental Protection Division of the Georgia Department of Natural Resources ("Georgia EPD") issued a draft Title V operating permit amendment for the Bowen Steam-Electric Generating Plant ("Plant Bowen") (Permit 4911-015-0011-V-01-2)

2.　　Georgia EPD subsequently proposed the Plant Bowen Title V permit amendment to United States Environmental Protection Agency.

3.　　The United States Environmental Protection Agency Administrator ("EPA") did not object on its own initiative to the Plant Bowen Title V permit amendment during its 45-day review period.

4.　　Plaintiff timely petitioned EPA to object to the Plant Bowen permit amendment on July

1

9, 2002.

5.      EPA had until no later than September 7, 2002 to grant or deny the Plant Bowen petition. 42 U.S.C. § 7661d(b)(2).

6.      However, EPA neither granted nor denied the Plant Bowen petition within the statutory period allowed by 42 U.S.C. § 7661d(b)(2) and still has not granted or denied the Plant Bowen petition.

7.      Georgia EPD issued draft Title V operating permit amendments for the Bowen (Permit Number 4911-015-0011-V-01-3), McDonough/Atkinson (Permit Number 4911-067-0003-V-01-3), Yates (Permit Number 4911-077-0001-V-01-3), Hammond (Permit Number 4911-115-003-V-01-3), Wansley (Permit Number 4911-149-0001-V-01-6), Scherer (Permit Number 4911-207-0008-V-01-3) and Branch (Permit Number 4911-237-0008-V-01-3) Steam-Electric Generating Plants (hereinafter collectively the "seven coal-fired power plants").

8.      Georgia EPD subsequently proposed the seven coal-fired power plant Title V permit amendments to EPA.

9.      EPA did not object on its own initiative to the seven coal-fired power plant Title V permit amendments during its 45-day review period.

10.     Plaintiff timely petitioned EPA to object to the permit amendment on November 18, 2002.

11.     EPA had until no later than January 18, 2003 to grant or deny the seven coal-fired power plants petition. 42 U.S.C. § 7661d(b)(2).

12.     However, EPA neither granted nor denied the seven coal-fired power plants petition within the statutory period provided by 42 U.S.C. § 7661d(b)(2) and still has not granted or denied the seven coal-fired power plants petition.

3

        Respectfully submitted,


        ____/s/_____
        Robert Ukeiley (MD14062)
        Law Office of Robert Ukeiley
        433 Chestnut Street
        Berea, KY 40403
        Tel: (859) 986-5402
        Fax: (859) 986-1299
        E-mail: rukeiley@igc.org


        Counsel for Plaintiff

Dated: January 5, 2005